

# THE ATTORNEY GENERAL
## OF TEXAS

GROVER SELLERS
~~ATTORNEY GENERAL~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Miss Catherine Lyne Barnhill
County Attorney, Bee County
Beeville, Texas

Dear Miss Barnhill:

Opinion No. O-6103

Re: Filing date of an independent
candidate for sheriff and re-
lated matters.

Your letter of July 5, 1944, requesting the opinion of this department regarding the questions stated therein is as follows:

"I should like to request an opinion as to whether under Articles 3157 et seq an independent candidate for Sheriff in the general election, can file before the Democratic Primaries July 22, or whether said independent candidate for Sheriff should wait until after the Primary, and file within 30 days thereafter? I should like to have the ruling of the department on whether the enclosed application as prepared meets the requirements of the statute.

"G. W. Robinson, Box 183, Port Isabel, Texas, has signified his intention of filing as an independent candidate for Sheriff in the General Election in Bee County. He is quite anxious to obtain this ruling, as he filed too late to have his name appear on the ballot in the Democratic Primary."

Article 3162, Vernon's Annotated Civil Statutes, provides:

"Independent candidates for office at a county, city or town election may have their names printed upon the official ballot on application to the County Judge, if for a county office, or to the Mayor, if for a city or town office, such application being in the same form and subject to the same requirements herein prescribed for applications to be made to the Secretary of State in case of State or District

Independent nominations; provided, that a petition
of five per cent of the entire vote cast in such coun-
ty, city or town at the last general election shall be
required for such nomination."

It will be noted that Article 3162, supra, requires the
applications of candidates for a county office to be in the same
form and subject to the same requirements prescribed for appli-
cations to be made to the Secretary of State in case of State or Dis-
trict Independent nominations; provided, that a petition of five per
cent of the entire vote cast in such county at the last general elec-
tion shall be required for such nomination.

Article 3159, Vernon's Annotated Civil Statutes, per-
taining to non-partisan and independent candidates for nomination
to State or district offices provides, in part, as follows:

"***A written application signed by qualified
voters addressed to the Secretary of State and de-
livered to him within thirty days after primary e-
lection day as follows:

"***"

In answer to your first question, you are respectfully
advised that it is the opinion of this department that the independent
candidate for Sheriff should wait until after the general primary and
file his application with the County Judge within thirty days thereafter,
provided, of course, as heretofore stated, the petition must be signed
by at least five per cent of the entire vote cast in such county at the
last general election and that every citizen who signs such application
shall be administered the oath prescribed by Article 3160, Vernon's
Annotated Civil Statutes.

Article 3160, Vernon's Annotated Civil Statutes, reads
as follows:

"To every citizen who signs such application,
shall be administred the following oath, which shall
be reduced to writing and attached to such applica-
tion, viz: 'I know the contents of the foregoing appli-
cation; I have participated in no primary election
which has nominated a candidate for the office for
which I (here insert the name) desire to be a candi-
date; I am a qualified voter at the next general elec-
tion under the Constitution and laws in force, and

have signed the above application of my own free will.' One certificate of the officer before whom the oath is taken may be so made as to all to whom it was administered."

With reference to the enclosed application, it is noted that said application pertaining to the oath to be administered by each citizen who signs the application follows substantially the oath prescribed by Article 3160, supra, however, one word has been omitted in the oath which is prescribed by said statutes. The oath reads, in part: "I participated in no primary election which has nominated ***" and the statute provides "I have participated in no primary election." The word "have" is omitted in the application. We suggest that the oath prescribed by Article 3160 be followed as set out in said statute. Stated differently, the oath should be in the same language as provided by Article 3160, otherwise, the application complies with the statute applicable thereto.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By /s/ Ardell Williams
Ardell Williams
Assistant

AW:EP:he

APPROVED JULY 13, 1944

/s/ E. G. Blackburn

(Acting) ATTORNEY GENERAL OF TEXAS

APPROVED
Opinion Committee
By /s/BWB, Chairman